PARRIS *v.* ATLANTA, KNOXVILLE & NORTHERN RAIL-WAY COMPANY.

1. According to the allegations of the petition, the plaintiff attempted to board a passenger train of the defendant company at a station in the State of Tennessee, near the Georgia line. The platform of the car was crowded with passengers, and the train started while he was still on the steps and before he had a reasonable opportunity to enter the car. In this position he was carried several hundred feet. The train was running with rapidly increasing speed, and he was trying all the time to mount the steps and enter the car, but before he could succeed, a sudden, quick jerk and swing of the train caused another passenger "to fall and shove against petitioner, causing petitioner to lose his balance and fall from the train," and he was severely injured, having his foot crushed by the wheels of the train. At this time the train had passed from the State of Tennessee into Fannin county, Georgia. *Held*, that it was error to sustain a demurrer upon the ground that the superior court of Fannin county "had no jurisdiction of the matter of complaint," because there was no act of negligence alleged against the defendant as having occurred in said county that would authorize any recovery against the defendant.

2. Exceptions to the rulings of the trial judge, not urged in the brief of counsel for plaintiff in error, will be treated as abandoned.

Submitted April 18,—Decided May 20, 1907.

Action for damages. Before Judge Gober. Fannin superior court. May 28, 1906.

The plaintiff alleged, that he attempted to board defendant's train as a passenger, at McCay's, a station on its railroad in the

State of Tennessee; that he attempted to get in the passenger-car as quickly as it was possible to do so after the train stopped. "He succeeded in getting on the second step of said passenger-car, and the train started very suddenly and very fast. The platform of said car and top step were crowded with other passengers, who had not gotten into said car. After said train started as aforesaid, it soon began to move very rapidly. Petitioner was all the time trying to get up the steps onto the platform and into said passenger-car, and, while he was attempting to do this, the train gave a sudden, quick jerk and swing, causing one of the passengers, whose name petitioner does not know, who was on the top step of said car, to fall and shove against petitioner, causing petitioner to lose his balance and fall from the train." The wheels of the train ran over his foot, necessitating its amputation. McCay's is alleged to be a station in Tennessee, but it is alleged that at the time the plaintiff was injured the train had crossed the State line and was in Fannin county, Georgia, about one hundred and fifty yards from the Tennessee line.

The defendant demurred generally, and on the ground, among others, that the court "has no jurisdiction of the matter complained of, because there is no act of negligence alleged against defendant as having occurred in said county [Fannin] that would authorize any recovery against defendant;" and demurred specially to paragraphs 3, 5, and 6 of the petition, on the ground that they set forth no facts, but are simply conclusions of the pleader; and also demurred specially to almost every other paragraph of the petition. The court passed an order, which is set out in the opinion, sustaining the special demurrers to paragraphs 3, 5, and 6, and also sustaining the general demurrer and dismissing the case. The plaintiff excepted to each of these rulings. '

*Harvey Hill, J. A. Hedden, R. R. Arnold,* and *N. A. Morris,* for plaintiff.

*Clay & Blair, William Butt,* and *F. C. Tate,* for defendant.

BECK, J. (After stating the foregoing facts.)

1. Upon the hearing of the demurrer the trial judge sustained certain grounds thereof and dismissed the case, rendering the following judgment: "In my opinion, the petition is subject to demurrer as set out in the third ground of the demurrer, and should be met by amendment. In my opinion, paragraph 5 is subject to de-

murrer, and should be met by a specific allegation, as I have indi-
cated.   In my opinion paragraph 6 is open to demurrer, and should
be met by a specific allegation.   The specific allegation of negli-
gence as to time of stopping train and starting it, by the allegations
in the petition, are in the State of Tennessee.   This seems to be
the basis of the plaintiff's complaint, the groundwork of his cause
of action; and it seems to me the demurrer is good as to those al-
legations of negligence that happened in the State of Tennessee.
Under the ruling in the *Wilson* case, an action for those things
could be brought only in the county of the residence of the corpora-
tion, it wit, in Fulton county, as was decided in that case.   It is
ordered that the demurrer be sustained and that the suit be dis-
missed."

We can not agree with the conclusion of the learned judge that
"the groundwork of his [plaintiff's] cause of action" rests upon
"those allegations of negligence that happened in the State of Ten-
nessee," and that, "under the ruling in the *Wilson* case [116 *Ga.*
189], an action for those things could be brought only in the
county of the residence of the corporation, to wit, in Fulton county."
While it is true that the negligence of the defendant company be-
gan in the State of Tennessee, at a station very near the point where
the railroad crosses the boundary between that State and the State
of Georgia, under the allegations of the petition there was a con-
tinuation of the failure on the part of the company to exercise due
care and diligence for the safety of the passenger, until after the
train had passed into Fannin county in this State, where the negli-
gent act of the company finally culminated in the catastrophe to the
plaintiff which resulted in the severe injuries set forth in his peti-
tion.   The defendant contends, that what took place in Georgia
was the consequence of the negligent act which took place in Ten-
nessee, and that but for the failure to stop the train a sufficient
length of time to allow the would-be passenger to enter the car, he
would have been in the coach, would not have been jostled by the
other passengers, and would not have been thrown from the car;
and that none of the things that were alleged to have occurred in
Georgia were independent causes producing plaintiff's injuries, but
were the resulting consequences of the negligence alleged to have
taken place in the State of Tennessee.   Even if we agreed with this
contention of the defendant, we should still have to hold that the

plaintiff's cause of action originated in Georgia. For if nothing more appeared than that the defendant committed a breach of its duty to the passenger by a failure to stop its train a reasonable length of time, under the circumstances, to allow the passenger to enter the car in safety, that breach of the plain duty resting upon the defendant would have given rise to no cause of action whatever. If, notwithstanding the too-sudden and negligent starting of the train before the plaintiff had a reasonable opportunity for entering the coach and finding a seat, he had, by his alertness and diligence and strength, procured a position upon the steps or platform, and had been able to maintain himself and escape all injury and damage, no cause of action in his favor would have arisen against the defendant, through the negligence of whose employees he had been placed in a position of peril; for the mere creation of a position perilous to the plaintiff would not have entitled him to recover damages. Up to the time of the actual infliction of the injuries finally resulting from the negligence of the employees of the railroad company, the cause of action was inchoate, or rather it was merely an embryo, and if, at any time before the injury was actually inflicted upon the passenger, the train had been checked or stopped so that he could have made his way to a place of safety, that embryo would never have matured so as to be able to stand in court.

"Cooley, J., in the case of Post v. Campan, 42 Mich. 96, says: 'The elements of a cause of action are, first, a breach of duty owing by one person to another; and second, a damage resulting to the other from the breach. Damage where no duty is violated is damnum absque injuria; a neglect of duty, where no loss occurs, is equally incapable of giving a right of action?'" I Ency. Pl. & Pr. 116. And the expression "cause of action" is thus defined, in Allhusen v. Malgarejo, L. R. 3 Q. B. 343: "The expression 'cause of action' means the whole cause of action; that is, all the facts which together constitute the plaintiff's right to maintain the action." And again: "The commission or omission of an act by the defendant, and damage to the plaintiff in consequence thereof, must unite to give him a good cause of action. No one of these facts by itself is a cause of action against the defendant." Jaggard, in his work on Torts, states the principle thus: "Where, however, the law will not presume damage, the plaintiff's cause of action is complete only when damages conforming to the legal requirements have been

actually suffered; then the cause of action is complete upon the happening of such damage." 1 Jag. Torts, 105. See also *Central Ry. Co.* v. *Dorsey,* 116 *Ga.* 719. Applying these principles to the facts of the case under consideration, its manifest that while the act of negligence, which was in a certain sense the cause of the injury to the plaintiff, may have occurred in the State of Tennessee, his cause never existed until he had passed into this State. The cause of the injury upon which the right of action is founded is not the cause of action itself, but is only one element in the cause of action.

2. In the bill of exceptions there is an assignment of error on the order of the judge sustaining certain grounds of the special demurrer to those portions of the petition indicated in this ground of the demurrer; but these exceptions are not referred to in the brief of counsel for the plaintiff in error, and are treated as abandoned. But omitting the allegations of the petition stricken upon special demurrer, the remainder of the petition stated a cause of action which was good as against a general demurrer, and the court erred in dismissing the case.

*Judgment reversed. All the Justices concur.*