35049. FERRELL *et al. v.* BELL.

DECIDED APRIL 13, 1954—JUDGMENT ADHERED TO JULY 27, 1954.

*Mitchell & Mitchell,* for plaintiffs in error.

*E. E. Moore, Jr.,* contra.

FELTON, C. J.   The action set up as a bar to the present action was one in which O. T. Bell, the present plaintiff, sued, in Fulton Superior Court, Ellis Ferrell, Henry L. Greenwood, the present defendants, and Luther Alverson, receiver of the property of Ellis Ferrell.   In that action the plaintiff sought a judgment for $1,000 against Ferrell and Greenwood on a purchase-money security deed and note.   The substantial prayers in that case were: "(a) that your petitioner, O. T. Bell recover and have judgment against Ellis Ferrell and Henry L. Greenwood, in the principal sum of $1,000; (b) that if in the event that petitioner recovers judgment against Ellis Ferrell and Henry L. Greenwood, that this court decree that petitioner have such judgment satisfied out of the funds of the receivership upon the settlement thereof, to the extent of the liability of said Ellis Ferrell and Henry L. Greenwood, to petitioner O. T. Bell, as may [be] ascertained should judgment be rendered in favor of petitioner; (c) that this court enter a decree, that the receiver of this court aforesaid, be decreed to hold up and retain in his custody and control any funds, money or moneys coming into his hands out of the administration of said receivership and the settlement thereof, that the

said defendant may be entitled, to the extent of said Henry L. Greenwood and Ellis Ferrell liability to petitioner, as aforesaid, in the principal sum of $1,000; (d) that Hon. Luther Alverson, receiver of the property of Ellis Ferrell, be restrained and enjoined from relinquishing, paying out any funds now in his custody and control, or that may be secured in the administration of said receivership, to Henry L. Greenwood, in satisfaction of his judgment against Ellis Ferrell, to the extent of said Henry L. Greenwood's liability to petitioner O. T. Bell, in the principal sum of $1,000, and interest; (e) that a rule nisi issue and be served on Ellis Ferrell, Henry L. Greenwood, and Hon. Luther Alverson, receiver of the property of Ellis Ferrell, calling on them to show cause why said Luther Alverson, aforesaid, should not be restrained and temporarily enjoined, as prayed for, aforesaid."

The following order was passed in that case: "Counsel for defendant, Ellis Ferrell, having made a motion to dismiss, in the nature of a general demurrer, and upon consideration thereof, it appearing that the petitioner incorporated the pleadings, decree and judgment in the case of Willie Taylor vs. Ellis Ferrell and Henry L. Greenwood, #A—5917, Fulton Superior Court, upon consideration of the allegations contained in the present case and the matters incorporated therein by reference. It is ordered that said motion to dismiss be and the same is hereby sustained and the above stated case is dismissed."

The court erred in sustaining the demurrers to the pleas of res judicata and in dismissing such pleas. The former action contained a prayer for legal relief, i. e., a money judgment, and also prayers for equitable relief. Where a petition seeks both legal and equitable relief, and the legal prayers are meritorious and the equitable prayers are not, it is error to dismiss the whole action on the ground that the petition sets forth no cause of action for the equitable relief. In such a case that part of the petition seeking equitable relief should be stricken, leaving a cause of action for legal relief. *Gibson* v. *Gibson*, 180 *Ga.* 457, 461 (179 S. E. 354); *Smith* v. *Manning*, 155 *Ga.* 209, 212 (1) (116 S. E. 813); *Logue & Co.* v. *Gardner*, 152 *Ga.* 356 (110 S. E. 25). Under this principle, the plaintiff, in the prior action, should have excepted to the court's dismissal of the whole action. Having failed to so except, that judgment became the law of the

case, to the effect that the petition alleged neither an equitable nor a legal cause of action, and constitutes a bar to the present action for the legal relief only. Code § 110-504. The ruling in *Steed* v. *Savage*, 115 *Ga.* 97 (2, 3) (41 S. E. 272), applies only to cases where the petition contains averments of legal and equitable matters but prayers for equitable relief *only*, which is not the case here. It does not matter that Luther Alverson, as receiver of the property of Ellis Ferrell, was a party defendant in the prior action and is not a party to the present action. *Darling Stores Corp.* v. *Beatus*, 199 *Ga.* 215 (3) (33 S. E. 2d 701).

The court erred in sustaining the demurrers to and in dismissing the pleas of res judicata.

*Judgments reversed. Quillian and Nichols, JJ., concur.*

ON REHEARING.

The movant (defendant in error) contends that the action against Ferrell, Greenwood, and Alverson, receiver of the property of Ferrell, was in reality and in legal effect an "independent action against the receiver." In support of that contention, he relies on *Stephens* v. *Augusta Telephone &c. Co.*, 120 *Ga.* 1082 (48 S. E. 433). The contention is without merit. In the *Stephens* case the court did not entertain the action and refused to allow the action to be filed. The effect of that ruling was to refuse the court's permission to making the receiver a party to the action, which is a matter of discretion with the court. A further effect was that the court refused to allow the action filed so long as the receiver was a party defendant to any phase of the action. In the action under consideration here, the action against Ferrell, Greenwood, and Alverson as receiver was allowed filed and an order was passed permitting Alverson as receiver to be named a party defendant. After entertaining the action the court then dismissed the entire action as to all defendants *on a motion in the nature of a general demurrer made by the defendant Ferrell.* Under these circumstances we cannot say that the action was an "independent action against the receiver," and that the action of the court in sustaining the motion to dismiss and in dismissing the action pertained solely to the relief sought against the receiver.

*Judgment of reversal adhered to on rehearing.*