39071. ATLANTA NEWSPAPERS, INC. v. TYLER *et al.*

DECIDED OCTOBER 27, 1961.

708

*William W. Mundy,* for plaintiff in error.

*E. L. Gammage, Forrest C. Oates, Jr.,* contra.

FELTON, Chief Judge. At the time of the sustaining of the defendants' demurrer in the former case, the rule of law with regard to the necessity of notice of acceptance of a contract of guaranty was that "where the credit to be given or other consideration of a guaranty is executory and uncertain as to the amount for which, or the time at which, the guarantor is to become liable, notice of acceptance of the guaranty must be given to the guarantor in order to bind him." *Brown Grocery Co. v. Planters Bank,* 18 Ga. App. 429 (1) (89 SE 523). *Sims & Auchmuty v. Clark,* 91 Ga. 302 (2) (18 SE 158); *Wehle v. Baker,* 97 Ga. App. 111 (1c) (102 SE2d 661). This being the rule, the ruling on the demurrer necessarily went to the merits of the case; hence the pleas of res adjudicata were properly sustained as to the petition which failed to meet this ground of the demurrer which was a general demurrer. Plaintiff in error contends that the decision in *Ferguson v. Atlanta Newspapers,* 93 Ga. App. 622 (92 SE2d 321), decided subsequently to the sustaining of the demurrer in the former case, makes notice

of acceptance of a guaranty offer no longer a prerequisite for the guarantor to be bound thereby, and therefore that the ruling on the demurrer did not go to the merits of the case. That case said: "Where an offer of guaranty contemplates acceptance by the actual extension of credit, it is unnecessary for the creditor to notify the guarantors of its acceptance of the guaranty (*Sheffield v. Whitfield*, 6 Ga. App. 762, 65 SE 807); and, where, in such a case as indicated above, it appears that the offer of guaranty contemplated acceptance of the offer by the extension of credit, which also constituted the consideration, the creditor was under no duty to notify the offerees of its acceptance or to prove acceptance otherwise than by the extension of credit." *Ferguson v. Atlanta Newspapers*, supra, p. 622 (7). It is unnecessary to decide whether or not the rule of law as applicable to the case at bar is changed by the *Ferguson* case. The judgment of a court having jurisdiction of both the parties and the subject matter, however irregular or erroneous, is binding until set aside (*Code* § 110-708; *Mitchell v. Arnall*, 203 Ga. 384, 47 SE2d 258), and the judgment of a trial court, which stands unreversed on the merits, with or without appeal, is the law of the case. *Palmer v. Jackson*, 188 Ga. 336, 338 (1) (4 SE2d 28), and cit.; *Avery v. Southern Ry. Co.*, 47 Ga. App. 772 (171 SE 456); *Smith v. Floyd County*, 85 Ga. 420, 422 (11 SE 850); *Fain v. Hughes*, 108 Ga. 537 (33 SE 1012); *Hughes v. Henderson*, 61 Ga. App. 743 (2) (7 SE2d 317); *Lankford v. Holton*, 78 Ga. App. 632, 637 (51 SE2d 687); *East Tenn. V. & G. Ry. Co. v. Greene*, 95 Ga. 35 (22 SE 36); *McGinnis v. Justices*, 30 Ga. 47; *Roles v. Edwards*, 49 Ga. App. 527, 528 (176 SE 106); *Crow v. Bryan*, 215 Ga. 661 (1) (113 SE2d 104), and cases cited. Under the foregoing authorities the former judgment sustaining a general demurrer is the law of the case and controlling in this case whether the judgment on general demurrer was wrong at the time it was rendered or whether the law was changed by a later ruling by the courts in another case between different parties. This would be true even if different facts had been alleged in the present action. A judgment on general demurrer, unreversed, is conclusive as to all matters which were put in issue or could have been put in issue by amendment.

710

Since the court decided on the merits of the cause in the former case, the judgment may be pleaded in bar of this second action for the same cause (*Code* § 110-504); hence the trial court did not err in sustaining the defendants' pleas of res adjudicata and directing the verdict in favor of the defendants.

*Judgment affirmed. Bell and Hall, JJ., concur.*