66098. MORGAN v. DEPARTMENT OF OFFENDER
REHABILITATION et al.

DEEN, Presiding Judge.

Morgan was employed by the Georgia Department of Offender Rehabilitation ("Department") as a correctional officer from November 1, 1975, until December 31, 1979. Morgan, who had turned 65 on March 17, 1979, was then involuntarily retired by the Department because of its departmental regulation requiring retirement at age 65 for those employees whose positions involved frequent and direct contact with inmates.

On January 4, 1980, Morgan filed a charge of age discrimination with the Georgia Office of Fair Employment Practices ("OFEP"). A fact finding conference was scheduled for January 22, 1980, and subsequently cancelled; on October 28, 1980, the OFEP closed Morgan's file, because its statutory jurisdiction at that time pertained only to individuals between the ages of 40 to 65. On September 2, 1981, Morgan requested an administrative hearing with the State Personnel Board, but on October 8, 1981, the request was denied as untimely filed. Morgan then commenced an action in the United States District Court for the Northern District of Georgia against the Department, the Commissioner of the Department, the State of Georgia, and Governor George Busbee, seeking relief under federal Age Discrimination in Employment Act ("ADEA"), 29 USC

§ 621 et seq. On March 31, 1982, the district court dismissed the action after deciding that the Tenth Amendment to the United States Constitution precluded application of the federal ADEA against a state's system of retirement of state employees.

Morgan did not appeal this federal court order, but on June 9, 1982, he filed suit in the Fulton County Superior Court against the Department, the OFEP, the State Personnel Board, and the State Merit System of Personnel Administration, seeking relief under state law as well as the federal ADEA and 42 USC § 1983. On October 26, 1982, after an oral hearing, the superior court granted summary judgment against Morgan, indicating several grounds for its decision: (1) no state or federal constitutional rights were violated; (2) there was a valid legislative purpose in classifying correctional officers differently and requiring their retirement at age 65; (3) to the extent that either any constitutional issues arising under the United States Constitution or any claim under 42 USC § 1983 could have been raised in the federal court action, such claims were barred by the doctrine of res judicata; (4) the Tenth Amendment to the United States Constitution precluded application of the federal ADEA to the states; and (5) there had been no waiver of sovereign immunity. On appeal from that order, Morgan contends that the trial court erred in all of the above and that there must be an evidentiary determination of whether age was a valid occupational qualification in this case. *Held:*

1. The gravamen of the appellant's action is the claim that he was illegally forced to retire at the age of 65. The trial court below, noting that physical attributes (such as eyesight, hearing, strength, stamina) generally diminish with age, found that there was a valid, rational purpose in requiring the retirement at age 65 of correctional officers who were in frequent and direct contact with inmates. We are constrained to agree with the court below.

Under the rule-making powers delegated to the State Personnel Board, "[s]uch merit system rules and regulations shall have the force and effect of law . . ." OCGA § 45-20-4 (b) (3) (Code Ann. § 40-2205). In 1979 it was the policy of the Department of Offender Rehabilitation to require retirement of its employees at age 70, except for those employees whose positions require "frequent direct contact with inmates in the detention, direction, supervision, employment or transportation," and these latter employees had to retire at age 65. (Personnel Policies and Procedures Memo No. 93.) The question presented thus is one of equal protection.

In determining whether the differentiation based on age for correctional officers was illegal, the standard of review is one of rationality, rather than strict scrutiny, because classifications based

on age are not considered suspect. Mass. Board of Retirement v. Murgia, 427 U. S. 307 (96 SC 2562, 49 LE2d 520) (1976). "[I]f any state of facts reasonably can be conceived that would sustain the classification, then the existence of that state of facts at the time the law was enacted will be assumed and the law will be upheld." *Fulton County School District v. Sanders,* 242 Ga. 298, 300 (248 SE2d 670) (1978); *McCullers v. Williamson,* 221 Ga. 358 (144 SE2d 911) (1965). Moreover, the "validity of the state's classifications here does not depend upon their absolute correctness nor upon the absence of any under- or overinclusiveness in the categories drawn . . . If the legislative purpose is legitimate and the classification drawn has some reasonable relation to furthering that purpose, the classification passes muster." *Wilder v. State,* 232 Ga. 404, 405 (207 SE2d 38) (1974).

In this case, the safe and proper detention, direction, supervision, employment and transportation of prison inmates are legitimate state interests. Because physical stamina and ability generally decline with age, mandatory retirement at age 65 serves to remove those whose fitness for such supervision has presumptively diminished and is thus rationally related to the state's interests above. Mass. Board of Retirement v. Murgia, supra. (Application of the federal ADEA would produce the same analysis. 29 USC § 623 (f)(1) allows an employer to discharge an employee because of the employee's age "where age is a bona fide occupational qualification reasonably necessary to the normal operation of the particular business, or where the differentiation is based on reasonable factors other than age.") The appellant was not illegally required to retire, and the trial court thus properly granted summary judgment against him.

2. OCGA § 9-12-40 (Code Ann. § 110-501) provides that "[a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside." The doctrine of res judicata applies even where the earlier judgment was a default judgment or a summary adjudication. *Fierer v. Ashe,* 147 Ga. App. 446 (249 SE2d 270) (1978).

Prior to the present superior court action, the appellant commenced an action in the United States District Court for the Northern District of Georgia, seeking relief for his involuntary retirement under the federal ADEA, against the Department, the Commissioner, the state, and Governor Busbee. The district court's dismissal of the case with prejudice, on the grounds that the federal ADEA could not be applied against the states, was an adjudication on

the merits, and not a jurisdictional disposition as argued by the appellant. Accordingly, the appellant was barred from relitigating the matter against the Department. Similarly, the appellant's claim against the Department alleging a violation of 42 USC § 1983 was barred by the doctrine of res judicata, because it could and should have been presented to the original federal court.

We realize that the United States Supreme Court has recently decided that the federal ADEA was applicable to the states, but that does not avail the appellant. E. E. O. C. v. Wyoming, —— U. S. —— (103 SC ——, 75 LE2d 18) (1983). Appellant never appealed the district court's judgment, and the judgment of a court of competent jurisdiction, however irregular or erroneous, is binding until set aside. *Mitchell v. Arnall,* 203 Ga. 384 (47 SE2d 258) (1948); *Zeagler v. Zeagler,* 192 Ga. 453 (15 SE2d 478) (1941); *Ferrell v. Bell,* 90 Ga. App. 573 (83 SE2d 616) (1954). "[T]he former judgment sustaining a general demurrer is the law of the case and controlling in this case whether the judgment on general demurrer was wrong at the time it was rendered or whether the law was changed by a later ruling by the courts in another case between different parties." *Atlanta Newspapers v. Tyler,* 104 Ga. App. 707, 709 (122 SE2d 591) (1961).

3. The OFEP, the State Personnel Board, and the State Merit System of Personnel Administration were named as party defendants in the appellant's superior court action because the agencies declined, either for lack of jurisdiction or timeliness of appeal, to investigate and hear his complaint of wrongful involuntary retirement by the Department. In view of the above disposition in Division 1 of the appellant's action against the Department, summary judgment for the above defendants likewise was properly granted.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED APRIL 27, 1983 —
REHEARING DENIED MAY 13, 1983 — 

*William R. Hurst,* for appellant.
*Michael J. Bowers, Attorney General, Gary R. Hurst, Assistant Attorney General,* for appellee.