## A91A0113. FRANKLIN v. GWINNETT COUNTY PUBLIC SCHOOLS et al.
(407 SE2d 78)

POPE, Judge.

While plaintiff/appellant Christine Franklin was a student at North Gwinnett High School, she was allegedly subjected to sexual molestation and/or abuse by a former teacher at the school, Andrew Hill.[1] Plaintiff filed suit on December 29, 1988, against the Gwinnett County Public Schools and Dr. William Prescott, the band director at North Gwinnett High School, in the United States District Court for the Northern District of Georgia (hereinafter the "federal court action"). Count I of plaintiff's complaint in the federal court action alleged that plaintiff had been intentionally discriminated against because of her gender in violation of Title IX of The Education Amendments of 1972 and The Civil Rights Restoration Act of 1987. Count II of that complaint alleged plaintiff was intimidated and coerced in violation of The Education Amendments of 1972. (All counts of the federal court action will hereinafter collectively be referred to as the "Title IX claim.") Defendants in the federal court action filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12 (b) (6), asserting, inter alia, that the compensatory relief sought by plaintiff was unavailable for a Title IX claim. The district court granted defendants' motion on the basis that the compensatory relief sought by plaintiff was unavailable. *Franklin v. Gwinnett County Pub. Schools*, 1:88-cv-2929-ODE (N.D. Ga. May 1, 1989). The Eleventh Circuit Court of Appeals affirmed that decision. *Franklin v. Gwinnett County Pub. Schools*, 911 F2d 617 (11th Cir. 1990).

On November 2, 1990, plaintiff filed the instant case in the Superior Court of Gwinnett County (hereinafter the "state court action"). The defendants in the state court action are the Gwinnett County Public Schools, Dr. Franklin Lewis, the principal of North Gwinnett County High School, and Virginia Lacy, a guidance counselor at North Gwinnett County High School. In Count I of plaintiff's complaint in the state court action, plaintiff alleges deprivation of her constitutional rights pursuant to 42 USC § 1983. In Count II, plaintiff alleges defendants deprived her of certain rights guaranteed by the Georgia Constitution, and in Count III plaintiff asserts a cause of ac-

---

[1] Plaintiff has filed suit against Hill in an unrelated state court action.

tion for negligent infliction of emotional distress. Defendants filed a motion for summary judgment in the state court action on the basis that the doctrine of res judicata barred plaintiff's state court action. The trial court granted defendants' motion for summary judgment, and plaintiff appeals from that decision.

In plaintiff's first enumeration of error, plaintiff alleges that the trial court erroneously granted defendants' motion for summary judgment on the basis of res judicata with respect to plaintiff's claim under 42 USC § 1983. In particular, plaintiff alleges that (a) the law governing plaintiff's Section 1983 action changed between the time plaintiff filed the federal court action and the state court action; (b) the trial court erred in applying this court's decision in *Morgan v. Dept. of Offender Rehabilitation*, 166 Ga. App. 611 (305 SE2d 130) (1983) to find that plaintiff's Section 1983 action could have been raised in the federal court action; (c) the trial court improperly found that the cause of action alleged in the federal court action was the same as the cause of action alleged in the state court action; (d) the trial court erroneously found that the parties in the state court action were the same parties or in privity with the parties in the federal court action; and (e) the trial court failed to consider the underlying policy considerations associated with granting the defendants' motion for summary judgment. In plaintiff's second enumeration of error, plaintiff asserts that the trial court erred in applying the doctrine of res judicata to plaintiff's state court claims.

1. The doctrine of res judicata in Georgia is set forth at OCGA §§ 9-12-40 and 9-12-42. In order for the doctrine of res judicata to apply, the following three elements must be present: " '(1) identity of parties(, including their privies); (2) identity of the cause of action; and (3) adjudication by a court of competent jurisdiction.' " *Barnes v. City of Atlanta*, 186 Ga. App. 187, 188 (1) (366 SE2d 822) (1988) (quoting *Firestone Tire &c. Co. v. Pinyan*, 155 Ga. App. 343, 345 (2) (270 SE2d 883) (1980)). Plaintiff does not contend that the federal district court would not have been a court of competent jurisdiction to hear any Section 1983 claim plaintiff may have had available to her. Plaintiff asserts, however, that the remaining two elements of res judicata are absent in this case.

The court will first address plaintiff's contention that the law governing plaintiff's Section 1983 claim changed between the time plaintiff filed her federal court action and the time plaintiff filed her state court action. "The doctrine of res judicata prevents relitigation of those issues which were actually raised in the first suit and any and all claims which 'under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.' " *Walker v. Kroger Co.*, 181 Ga. App. 745, 747 (353 SE2d 551) (1987). Therefore, if a Section 1983 claim was availa-

ble to plaintiff at the time she filed her federal court action, plaintiff's Section 1983 claim could now be barred by res judicata.

Essentially, plaintiff argues that res judicata should not apply to the state court action because shortly after plaintiff filed her federal court action, the United States Supreme Court, in *DeShaney v. Winnebago County Dept. of Social Svcs.*, 489 U. S. 189 (109 SC 998, 103 LE2d 249) (1989), limited a Section 1983 cause of action in similar factual situations to only when a "special relationship" exists between plaintiff and defendant. Plaintiff further asserts that until the Eleventh Circuit Court of Appeals issued its opinion in *Arnold v. Board of Educ.*, 880 F2d 305 (11th Cir. 1989), there was no precedent for finding such a "special relationship" between a school student and school officials.

We find plaintiff's argument to be without merit. First, the *DeShaney* opinion was not issued until after plaintiff filed her federal court action. Plaintiff does not allege nor is there any evidence that in December 1988 plaintiff knew the *DeShaney* case was pending before the United States Supreme Court and that the decision in that case might affect whether plaintiff had a Section 1983 claim against defendants.

Furthermore, *DeShaney* is factually dissimilar to the instant case, which makes its application to this case questionable. In *DeShaney*, a four-year-old boy was severely beaten by his natural father. The child and his mother brought suit alleging that Winnebago County, its Department of Social Services ("DSS"), and certain individual DSS employees had deprived the boy of a constitutionally protected liberty interest by failing to intervene to protect him against a risk of violence from his father of which they knew or should have known. In that case, the Court held that a liberty deprivation triggering due process protection cannot be found when a state actor fails to protect a person against harms inflicted by a third party, who is not a state actor, absent a "special relationship." The Court found that the relationship between the State of Wisconsin and the injured child was not sufficient to create such a relationship because although the State may have been aware of the dangers that the child faced, it neither created those dangers nor rendered the child more vulnerable to them. *DeShaney*, supra at 201.

The primary factual distinction between the *DeShaney* case and this case is that the actor who allegedly harmed plaintiff in this case, her former teacher, was a state actor. The law in Georgia is well-settled "that public school officials are state officers acting under color of law, whose action is therefore state action. . . ." *State v. Young*, 234 Ga. 488, 494 (2) (216 SE2d 586) (1975). See also *Lopez v. Houston Indep. School Dist.*, 817 F2d 351, 353 (5th Cir. 1987) (a school system is a local government unit that may be held liable under certain cir-

cumstances for deprivations of rights protected by the Constitution or federal law) (citing *Kingsville Indep. School Dist. v. Cooper*, 611 F2d 1109 (5th Cir. 1980)). The decision in *DeShaney* intimates that if the harm inflicted on the child had been inflicted by a state actor rather than a private third party, or if the child had been in state custody, the result would have been different.

Plaintiff's reliance on *Arnold v. Board of Educ.*, 880 F2d 305 (11th Cir. 1989), for the proposition that the Eleventh Circuit recognized for the first time that there was a "special relationship," as required by *DeShaney*, between a student and school officials, is also misplaced. There is no mention in that opinion of the need for such a "special relationship" nor of the *DeShaney* opinion. Indeed, the Eleventh Circuit Court of Appeals' failure to address this issue and its cursory holding that school officials, who allegedly encouraged a student to have an abortion, were acting under color of state law, suggests that the court did not consider the law on this issue to be unsettled. Id. at 315.

Plaintiff's contention that any Section 1983 claim asserted at the time she filed her federal court action may have given rise to sanctions by the federal court is also without merit. Federal Rule of Civil Procedure 11 provides in pertinent part that "[t]he signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and is not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation."

The United States Supreme Court's decisions in *Ingraham v. Wright*, 430 U. S. 651 (97 SC 1401, 51 LE2d 711) (1977) and *Monell v. Dept. of Social Svcs.*, 436 U. S. 658 (98 SC 2018, 56 LE2d 611) (1978), and the line of cases evolving from those decisions, establish sufficient bases on which plaintiff could have asserted a Section 1983 claim that was "warranted by existing law or a good faith argument for the extension [or] modification . . . of existing law. . . ." In *Monell*, the Court held that a local governmental entity could be held liable under Section 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." 436 U. S. at 694.

In *Ingraham*, which involved the use of corporal punishment in public schools, the Court found that "where school authorities, acting under color of state law, deliberately decide to punish a child for mis-

conduct by restraining the child and inflicting appreciable pain, we hold that Fourteenth Amendment liberty interests are implicated." 430 U. S. at 674. In cases factually similar to the case before this court, courts relying on *Ingraham* for guidance have recognized that "common sense suggests [a student's] right, to be free from sexual abuse is at least as fundamental as the right to be free from the less intrusive physical abuse of paddling. . . . Therefore, this Court holds that the constitutional right, to be free from state intrusions into the realm of personal privacy and bodily security, . . . is well-established in law." *Stoneking v. Bradford Area School Dist.*, 667 FSupp. 1088, 1094-1095 (W.D. Pa. 1987), aff'd, 856 F2d 594 (3rd Cir. 1988), cert. granted and judgment vacated and remanded sub nom. *Smith v. Stoneking*, 489 U. S. 1062 (109 SC 1333, 103 LE2d 804) (1989), on remand, 882 F2d 720 (3rd Cir.), cert. denied (110 SC 840, 107 LE2d 835) (1990); accord *Sowers v. Bradford Area School Dist.*, 694 FSupp. 125 (W.D. Pa. 1988), aff'd without decision, 869 F2d 591 (3rd Cir. 1988), cert. granted and judgment vacated and remanded sub nom. *Smith v. Sowers*, 490 U. S. 1002 (109 SC 1634, 104 LE2d 150) (1989), on remand aff'd without decision, 887 F2d 262 (3rd Cir.), cert. denied, (110 SC 840, 107 LE2d 835) (1990) (sexual harassment and/or molestation by a teacher); *Doe "A" v. Special School Dist. of St. Louis County*, 637 FSupp. 1138 (E.D. Mo. 1986) (bus driver beating and sexually abusing handicapped children); *Schillingford v. Holmes*, 634 F2d 263, 265 (5th Cir. 1981) ("[t]he right to be free of state-occasioned damage to a person's bodily integrity is protected by the fourteenth amendment guarantee of due process.")

This court is mindful that the United States Supreme Court remanded *Stoneking* and *Sowers* to the Third Circuit for reconsideration in light of its decision in *DeShaney*. We agree with the Third Circuit Court of Appeals that the relationship between school officials and students should be sufficient to give rise to an affirmative duty to protect the students. *Stoneking*, 882 F2d at 724.

Even if that duty does not give rise to a viable Section 1983 claim today, however, there is another tenable basis for any Section 1983 claim the plaintiff may have against the defendants that was available in December 1988, when plaintiff filed her federal court action, and that has not been affected by the *DeShaney* opinion. In this case, as in *Stoneking*, the plaintiff has alleged that the defendants were acting in a "wanton and reckless manner" pursuant to "a practice and custom of failing to investigate and report and take appropriate action with respect to teachers who posed a threat to the health, safety, and welfare of students." The Third Circuit Court of Appeals found that even when there is no predicate duty based on a special relationship, a plaintiff may state a sufficient claim under Section 1983 by alleging that the "defendants, with deliberate indifference to the conse-

quences, established and maintained a policy, practice or custom which directly caused her constitutional harm." Id. at 725. There is nothing in the record that indicates that the facts giving rise to the allegations that the defendants were acting pursuant to a policy, practice or custom that caused her constitutional harm were not known to plaintiff in December of 1988. Thus, plaintiff could have properly asserted a Section 1983 cause of action at the time she filed the federal court action based on the establishment of a custom or policy by defendants that deprived plaintiff of certain constitutionally protected rights.

2. The court will next address plaintiff's contentions that the trial court improperly found that the cause of action in the federal court action was the same as the cause of action in plaintiff's state court action. Plaintiff argues that her Section 1983 cause of action is a separate and distinct cause of action for res judicata purposes from her Title IX claim asserted in the federal court action. In *Spence v. Erwin*, 200 Ga. 672 (38 SE2d 394) (1946), the Georgia Supreme Court held that when a subsequent action arises from the same wrong as a prior action and is based on essentially the same facts, the subsequent action should be barred by res judicata. Id. at 674. In *Winters v. Pund*, 179 Ga. App. 349, 352 (346 SE2d 124) (1986), this court recognized that a "cause of action" is generally "the right to sue for a thing done or omitted to be done which causes a grievance for which the law gives a remedy." It has also been defined by this court as "all the facts which together constitute the plaintiff's right to maintain the action." Id. (quoting *Parris v. Atlanta, K & N R. Co.*, 128 Ga. 434, 437 (57 SE 692) (1907)). Both plaintiff's Title IX claim in the federal court action and her Section 1983 claim asserted in the state court action arise from the common wrong that she was subjected to sexual harassment and abuse by her former teacher. Thus, plaintiff's Section 1983 claim simply states an alternate theory of recovery arising from the same wrong, it does not state a separate cause of action. As the Georgia Supreme Court held in *Spence*, when a party has different theories of recovery arising from the same wrong, the party should properly assert those different theories of recovery in separate counts in one suit. *Spence*, supra at 674.

We will now address plaintiff's contention that the trial court improperly applied our decision in *Morgan v. Dept. of Offender Rehabilitation*, 166 Ga. App. 611, supra. The procedural history in the instant case is similar to the procedural history in *Morgan*. In *Morgan*, the plaintiff was barred by res judicata from asserting a Section 1983 claim in a state court action which arose from the same gravamen of the plaintiff's prior claim in federal court alleging age discrimination in violation of the Age Discrimination in Employment Act. As we discussed above, plaintiff's Section 1983 claim in this case arose from the

same wrong giving rise to her Title IX claim in the federal court action. Accordingly, plaintiff's contention that the trial court improperly applied our decision in *Morgan* when finding that plaintiff's Section 1983 claim was barred by res judicata is erroneous. See also *Walker v. Kroger Co.*, 181 Ga. App., supra at 748.

3. Plaintiff asserts that the trial court erred in finding that the defendants in the state court action are either the same parties or in privity with the parties named as defendants in the federal court action. In the federal court action, the named defendants were the Gwinnett County Public Schools and Dr. William Prescott, formerly a band director at North Gwinnett High School. In the state court action, the named defendants are the Gwinnett County Public Schools, Virginia Lacy, a guidance counselor at North Gwinnett High School, and Dr. Franklin Lewis, principal of North Gwinnett High School. Defendants Lacy and Lewis were sued both individually and in their official capacities.

It is axiomatic that to the extent plaintiff's enumeration of error can be read to assert that there is no privity for defendant Gwinnett County Public Schools, that contention must fail. With regard to plaintiff's claims against defendants Lacy and Lewis in their official capacities, such claims are the equivalent of suits against the local government entity which employs them, and thus, there is privity with regard to those claims also. *Monell v. Dept. of Social Svcs.*, 436 U. S. 658, supra. *Gray v. Lacke*, 885 F2d 399, 405 (7th Cir. 1989), cert. denied (110 SC 1476, 108 LE2d 613) (1990).

The only remaining claims are against defendants Lewis and Lacy in their individual capacities. While the complaint is styled such that these defendants are being sued individually, the complaint and the record establish that the only actions of these defendants that allegedly give rise to claims against them by the plaintiff were actions in their capacities as either principal or guidance counselor at North Gwinnett High School and pursuant to what plaintiff alleges was "[t]he Gwinnett County Public School [S]ystem['s] . . . practice and custom of failing to investigate and report and take appropriate action with respect to teachers who posed a threat to the health, safety, and welfare of students." Although the form of the complaint seeks to hold the defendants individually liable, in substance, plaintiff asserts only official capacity claims against Lacy and Lewis. See *Kutzik v. Young*, 730 F2d 149, 152 (4th Cir. 1984). As we discussed above, there is privity with regard to all official capacity claims against defendants Lacy and Lewis. Accordingly, the trial court correctly found that the defendants in the state court action were either the same defendants or in privity with the defendants in the federal court action.

4. Plaintiff contends that the trial court failed to consider the underlying policy considerations involved in granting defendants' mo-

tion for summary judgment. Essentially, plaintiff reiterates her position that a Section 1983 cause of action was not available to her at the time she filed her federal court action, and for that reason, barring her present action would contravene the policy underlying the doctrine of res judicata. As we have discussed above, plaintiff's contentions that she did not have a Section 1983 claim when she filed her federal court action are without merit. For that reason, plaintiff's assertion that policy demands that plaintiff's claims should be adjudicated by the state court also must fail.

5. In plaintiff's final enumeration of error she asserts that the trial court erred in finding that plaintiff's state court claims were barred by the doctrine of res judicata. The crux of plaintiff's argument in this enumeration of error is that even if plaintiff had raised her state court claims in the district court, that court would have refused to exercise pendent jurisdiction over those claims because the district court would have dismissed any claims plaintiff asserted pursuant to Title IX and Section 1983 for failure to state a claim upon which relief can be granted. Plaintiff's argument is flawed because, as we have set forth above, plaintiff could have properly asserted a Section 1983 claim at the time she filed the federal court action. Unlike her Title IX claim, the compensatory relief sought by plaintiff would have been available for a Section 1983 claim.

The trial court correctly applied the standard set forth in *Pope v. City of Atlanta*, 240 Ga. 177, 179 (1) (240 SE2d 241) (1977), appeal after remand, 242 Ga. 331 (249 SE2d 16) (1978), cert. denied, 440 U. S. 936 (99 SC 1281, 59 LE2d 494) (1979), in finding that if the plaintiff had asserted her state law claims in the federal court action the district court would have exercised pendent jurisdiction over those claims and that, therefore, those claims are barred by res judicata. We find no error in the trial court's application of the doctrine of res judicata in this case.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED JUNE 11, 1991.

*Weinstock, Scavo & Montalto, Michael Weinstock, Hillard J. Quint*, for appellant.

*Freeman & Hawkins, Frank C. Bedinger III, Alan R. Heath, Tennant, Davidson, Thompson & Sweeny, E. Victoria Sweeny, Pruitt & Britt, Walter M. Britt, Arnold J. Wright*, for appellees.