A97A1857. BRADLEY v. GEORGIA INSTITUTE OF TECHNOLOGY et al.
(491 SE2d 453)

ELDRIDGE, Judge.

Plaintiff/appellant Shirley W. Bradley filed this pro se appeal from the trial court's grant of summary judgment in her race discrimination suit against her former employer, Georgia Institute of Technology ("Georgia Tech"), and supervisor, W. Denney Freeston. We affirm.

Bradley was employed by Georgia Tech as a senior coordinator in the Department of Continuing Education ("Department") for four years. In October 1991, the Department underwent a reduction in force, during which Bradley's employment was terminated. Bradley's supervisor claims that he dismissed her because she had two negative citations in her employment record. However, Bradley asserts that she was dismissed because she is an African-American female, in violation of 42 USC § 2000 (e) et seq. ("Title VII").

In December 1992, Bradley filed a race discrimination suit in the United States District Court, Northern District of Georgia. *Bradley v. Ga. Institute of Technology &c.*, Civil Action No. 1:92-CV-3137-GET, U. S. Dist. Ct. (N.D. Ga.). The federal magistrate court issued a report finding that Bradley did not present evidence raising a jury question on the issue of race discrimination and recommending that summary judgment be granted to Georgia Tech and Freeston. The magistrate's report was adopted by the federal district court, which granted summary judgment in March 1994; the Eleventh Circuit Court of

Appeals affirmed the decision per curiam in September 1995.

Bradley then filed suit against the same defendants in Fulton County State Court, asserting race discrimination and denial of due process, based upon Georgia Tech's alleged failure to provide an opportunity for Bradley to challenge the negative citations in her Georgia Tech employment record. The trial court granted summary judgment to the defendants, finding that Bradley's claim was previously decided by the federal courts and was, therefore, barred by res judicata and collateral estoppel. This appeal follows. *Held*:

1. Georgia's principle of res judicata has been codified as OCGA § 9-12-40, which states that "[a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside." See *Fowler v. Vineyard*, 261 Ga. 454, 455 (405 SE2d 678) (1991). "Three prerequisites must be satisfied before res judicata applies — (1) identity of the cause of action, (2) identity of the parties or their privies, and (3) previous adjudication on the merits by a court of competent jurisdiction." (Footnote omitted.) *Waldroup v. Greene County Hosp. Auth.*, 265 Ga. 864, 866 (1) (463 SE2d 5) (1995); see also OCGA § 9-12-42; *Fowler v. Vineyard*, supra at 455-456.

In this case, Bradley sued both Georgia Tech and her supervisor, Freeston, in the federal courts for race discrimination following her October 1991 dismissal. The federal district court subsequently issued a judgment on that claim. Since the parties, the underlying facts, and the race discrimination claim are identical in both cases, the trial court in this case correctly determined that Bradley's state court suit raising the issue of race discrimination under Title VII was barred by the principle of res judicata.

However, in this case, Bradley also claimed that her due process rights were violated, alleging that Georgia Tech failed to provide an opportunity for her to challenge the negative citations in her personnel file. Unfortunately, perhaps because Bradley is acting pro se, it is unclear to this Court as to what legal basis she is asserting for this claim: 42 USC § 1983; federal or state constitutional law; state contract law; or the Georgia Tort Claims Act. Even so, the outcome is the same, i.e., Bradley's due process claim is barred as a matter of law, and the trial court did not err in granting summary judgment in favor of Georgia Tech.

(a) "[O]ne must assert all claims for relief concerning the same subject matter in one lawsuit and any claims for relief concerning that same subject matter which are not raised will be res judicata pursuant to OCGA § 9-12-40." (Emphasis omitted.) *Fowler v. Vineyard*, supra at 458, quoting *Lawson v. Watkins*, 261 Ga. 147, 149 (401

SE2d 719) (1991); see also *Franklin v. Gwinnett County Pub. Schools*, 200 Ga. App. 20, 25 (407 SE2d 78) (1991). " 'Where a judgment has been rendered on the merits, the doctrine of res judicata may not be avoided merely by requesting *different* relief in a subsequent suit.' *Caswell v. Caswell*, 162 Ga. App. 72, 73 (290 SE2d 171) (1982)." (Emphasis supplied.) *Waggaman v. Franklin Life Ins. Co.*, 265 Ga. 565, 566 (3) (458 SE2d 826) (1995). Further, the doctrine of collateral estoppel precludes issues that were previously decided or which "had to be decided in order for the previous judgment to have been rendered." (Footnote omitted.) *Waldroup v. Greene County Hosp. Auth.*, supra at 867.

Bradley's due process claim should have been pursued in her federal complaint. The federal court had jurisdiction over due process claims based on the federal constitution, U. S. Const., Amends. V, XIV, or 42 USC § 1983.[1] Further, under its pendent jurisdiction, the federal court could have addressed a violation of due process claim under Ga. Const. of 1983, Art. I, Sec. I, Par. I, the Georgia Tort Claims Act, OCGA § 50-21-20 et seq., or state contract law. See 28 USC § 1367 (a); *McNeal v. Paine, Webber, Jackson &c.*, 249 Ga. 662, 663 (293 SE2d 331) (1982) (when a substantial federal claim and a related state claim derive from a "common nucleus of operative fact," a federal court has pendent jurisdiction over the state claim); *Danzell v. Cannon*, 224 Ga. App. 602 (481 SE2d 588) (1997); *Smith v. Maytag Corp.*, 216 Ga. App. 676 (455 SE2d 379) (1995); *Franklin v. Gwinnett County Pub. Schools*, supra at 21-22, 27.

In this case, the due process issue arose from the same circumstances and involved the same subject matter as that presented in Bradley's federal case, i.e., her dismissal and the question of whether it was based on race or the negative citations in her employment records. In the federal case, the court granted summary judgment to Georgia Tech after determining that it had presented a race-neutral reason, the negative citations, for the termination of Bradley's employment. Any asserted failure by Georgia Tech to provide due process could have and should have been raised at that time, so the federal court could have addressed the merits of Georgia Tech's asserted justification of Bradley's termination. See OCGA § 9-12-40. Under the principles of res judicata and collateral estoppel, Bradley's failure to bring these claims in her federal case bars them from the

---

[1] A 42 USC § 1983 claim arises when the State refuses to provide procedural due process. *McKinney v. Pate*, 20 F3d 1550, 1557 (11th Cir. 1994), cert. denied, 513 U. S. 1110 (115 SC 898, 130 LE2d 783) (1995). However, had Bradley pursued a due process claim in either a federal or state court with the power to provide an adequate remedy, she would no longer have a due process claim under § 1983. *Atlanta City School Dist. v. Dowling*, 266 Ga. 217, 218 (466 SE2d 588) (1996); *Turner v. Giles*, 264 Ga. 812, 815 (450 SE2d 421) (1994); see also *Narey v. Dean*, 32 F3d 1521 (11th Cir. 1994); *McKinney v. Pate*, supra.

state court's consideration.

(b) Further, we note that the Fulton County State Court lacks subject matter jurisdiction over state constitutional claims. OCGA § 15-7-4. Therefore, a due process claim under the Georgia Constitution was barred for this reason, also.

(c) Finally, under the Georgia Tort Claims Act, OCGA § 50-21-20 et seq., a plaintiff must give the State specific notice prior to filing a claim against a state agency. OCGA § 50-21-26 (a). Such notice requirements are specific legislative limitations on the trial court's subject matter jurisdiction. Bradley failed to give the required statutory notice in this case. Therefore, any claim under the Georgia Tort Claims Act is barred.

2. In her remaining enumerations, Bradley asserts that errors were made by the federal magistrate court. This Court has no jurisdiction to consider such alleged errors.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 22, 1997.

Shirley W. Bradley, *pro se.*

*Michael J. Bowers, Attorney General, Jeffrey L. Milsteen, Deputy Attorney General, Susan L. Rutherford, Senior Assistant Attorney General, K. Prabhaker Reddy, Assistant Attorney General*, for appellees.