## BEATY *et al. v.* RICHARDSON, tax-collector.

1. "The operation of a pool or billiard room for public entertainment is a business which, from its very nature, admits of strict regulation under the police power. *Trammell* v. *Yancey,* 142 *Ga.* 553 (83 S. E. 114); *Trammell* v. *Rome,* 142 *Ga.* 602 (83 S. E. 221); Booth *v.* Illinois, 184 U. S. 425 (22 Sup. Ct. 425, 46 L. ed. 623); Murphy *v.* California, 225 U. S. 623, 629 (32 Sup. Ct. 697, 56 L. ed. 1229, 41 L. R. A. (N. S.) 153)." *Purvis* v. *Ocilla,* 149 *Ga.* 771 (102 S. E. 241); *Silver* v. *State,* 147 *Ga.* 162 (93 S. E. 145); *Shurman* v. *Atlanta,* 148 *Ga.* 1 (95 S. E. 698); Patsone *v.* Pennsylvania, 232 U. S. 138 (34 Sup. Ct. 281, 58 L. ed. 539); Bissett *v.* Littleton, 87 W. Va. 127 (104 S. E. 289, 20 A. L. R. 1478, with exhaustive note at p. 1482); Youngblood *v.* Sexton, 32 Mich. 406 (20 Am. St. R. 654), in which will be found a very able discussion of the subject by Mr. Justice Thomas M. Cooley.
2. The above rulings control the case, and the authorities cited show that the question has long been settled in this State.
3. All constitutional questions raised are treated as abandoned, because none of them are mentioned in the brief of counsel for plaintiff in error.
4. The court did not err in sustaining the demurrer and dismissing the petition.

No. 5752.   April 18, 1927.

Petition for injunction. Before Judge Howard. Fulton superior court. November 19, 1926.

*G. H. Cornwell* and *F. W. Flint,* for plaintiffs.

*Frank Carter,* for defendant.

Gilbert, J. C. P. Beaty and others, alleging themselves to be pool and billiard parlor operators in the City of Atlanta, filed a petition to enjoin the tax-collector of Fulton County from collecting a license tax provided in the amendment of the general tax act of 1923, passed by the 1924 session of the legislature and approved August 18, 1924, and from requiring them to execute a bond of $500 provided in an act approved August 26, 1925.

Appeal and Error, 4 C. J. p. 1068, n. 16, 22; p. 1072, n. 9.
Constitutional Law, 12 C. J. p. 887, n. 38.
Licenses, 37 C. J. p. 174, n. 95; p. 175, n. 96; p. 217, n. 37 New.

The defendant demurred generally. The court sustained the demurrer and dismissed the petition. To this judgment the petitioners excepted.

The rulings in the headnotes, with the authorities cited, show that the judgment of the trial court must be affirmed. The plaintiffs contend that the "legislature must not, under the guise of police regulations, arbitrarily invade private property or personal rights, the test being found in the answer to the question whether the regulations made have some real and substantial relation to the public safety, health, or welfare, and whether that is the end sought. If not, the alleged police regulation is unreasonable and may be held void." With this contention we are in entire accord. Previous decisions of this court will show that we have followed that rule. *Smith* v. *Atlanta,* 161 *Ga.* 769 (132 S. E. 66). As the headnotes indicate, it is no longer an open question whether the regulation and taxation of billiard and pool rooms legitimately fall within what is termed the police power. of the State. An arbitrary or capricious exercise of such power would be void. Otherwise it is a matter for the legislative branch of the government, and not the judicial. We concur in the statement made by the Supreme Court of the United States in Purity Extract Co. v. Lynch, 226 U. S. at page 201 (33 Sup. Ct. 46, 57 L. ed. 184) : ."With the wisdom of the exercise of that judgment the court has no concern; and unless it clearly appears that the enactment has no substantial relation to a proper purpose, it can not be said that the limit of legislative power has been transcended. To hold otherwise would be to substitute judicial opinion of expediency for the will of the legislature, a notion foreign to our constitutional system." *Judgment affirmed. All the Justices concur.*