## 33967, 33970. FULTON COUNTY SCHOOL DISTRICT et al. v. SANDERS et al.; and vice versa.

NICHOLS, Chief Justice.

Under the equal protection clauses of the State and Federal Constitutions, Miss Sanders, a school teacher,

challenges the decision of her employer, the Fulton County School System, compelling her to retire at age 65.

The trial court upheld the local retirement law as against these challenges but then ordered the school system to offer teaching contracts to Miss Sanders until she attains age 70 or until her employment is terminated for cause. The court's order further provides that Miss Sanders shall make no more contributions to, and shall acquire no additional rights under, the retirement fund after attaining age 65, and that her retirement rights shall be computed as of the date she attained age 65 but not paid until she ceases active employment with the school system. In Case No. 33967, the school system appeals from the portions of the order requiring the school system to offer employment to Miss Sanders until she attains age 70 or is removed for cause. In Case No. 33970, Miss Sanders cross appeals from the portion of the order that rejected her equal protection challenges. She contends that she is entitled to continue making contributions to the pension fund until, and to have her pension computed at the time of, her retirement, and is entitled to the benefit of any new rights afforded to others under the system until the date of her retirement.

Able counsel for the litigants and for the parties amicus curiae have furnished this court with briefs comprehensively treating the many issues which arise in instances where a person's employment is terminated simply and solely because of the attainment of a specified age, rather than for cause or for medical reasons. These briefs have been of considerable assistance to the court in analyzing the issues.

The relevant facts and contentions are these: Miss Sanders filed this action upon being informed that pursuant to the laws governing the Fulton County local retirement system, and for no other reason, her employer was insisting that she retire at the end of the school year during which she attained age 65. See Ga. L. 1957, pp. 2574, 2576. Her case is narrowly based upon the ground that, as a Fulton County teacher, she was required to join the local retirement system, which mandates retirement at age 65, whereas teachers employed in school systems covered by the Teachers' Retirement System of Georgia

are not forced into retirement by law until they attain at least age 70. See Code Ann. § 32-2905 (1) (b).

Miss Sanders does not challenge the right of various governmental entities to establish separate and independent retirement systems providing for differing retirement benefits. In her words, "Only that provision of the Fulton County Pension Law which restricts the 'inalienable right' of Fulton County Teachers to work is challenged herein." She insists that although "the state may have a legitimate interest in establishing distinct pension plans for teachers in distinct counties . . . no similar rationale exists for treating state teachers indistinctly with regard to the required age of their retirement." Her equal protection argument is best summarized by her assertion that "Georgia teachers are entitled to be treated as one class by the State legislature with respect to their retirement age."

Although a number of recent cases, such as Gault v. Garrison, 569 F2d 993 (7th Cir. 1977) and Palmer v. Ticcione, 576 F2d 459 (2d Cir. 1978), have involved challenges to statutes providing for mandatory retirement at a certain age, Miss Sanders insists that "the only known case which presents the identical constitutional issue as that involved in this action" is Bradley v. Vance, 436 FSupp. 134 (D. C. 1977), juris. noted in 46 USLW 3703, in which the district court held that the federal statute mandating retirement at age 60 denied equal protection to federal foreign service personnel because no rational basis was offered by the federal government for treating such employees differently from federal civil service employees who are forced by law to retire at age 70.

This court has concluded that the retirement age classification at issue in the present case is "rationally related" to the furtherance of a legitimate state interest. Massachusetts Bd. of Retirement v. Murgia, 427 U. S. 307 (1976). The General Assembly is free to make classifications so long as they are not arbitrary and unreasonable. *Smith v. Abercrombie,* 235 Ga. 741, 744 (221 SE2d 802) (1975). In applying the "rational basis test," if any state of facts reasonably can be conceived that would sustain the classification, then the existence of that

state of facts at the time the law was enacted will be assumed and the law will be upheld. *McCullers v. Williamson,* 221 Ga. 358, 366 (144 SE2d 911) (1965); Lindsley v. Natural Carbonic Gas Co., 220 U. S. 61 (1911); Massachusetts Bd. of Retirement v. Murgia, supra. As this court said in *Wilder v. State,* 232 Ga. 404, 405 (207 SE2d 38) (1974), "The validity of the state's classifications here does not depend upon their absolute correctness nor upon the absence of any under- or overinclusiveness in the categories drawn. Nor must we necessarily agree with the soundness of the distinction maintained by the statutory scheme. If the legislative purpose is legitimate and the classification drawn has some reasonable relation to furthering that purpose, the classification passes muster." See also Massachusetts Bd. of Retirement v. Murgia, supra.

The General Assembly has chosen to establish for the purpose of providing pension benefits a classification of Fulton County School System employees which includes school bus drivers and cafeteria personnel as well as teachers. See Ga. L. 1957, p. 2574. On the other hand, public school bus drivers and cafeteria personnel employed in school systems that do not operate local retirement funds are not members of the Teachers' Retirement System of Georgia. Rather, they have their own separate retirement system. See Code Ann. §§ 32-2901 (5) and 32-3802 (5). The reason for these varying classifications of school system employees is purely historical. The General Assembly provided pension benefits to Fulton County school personnel before retirement rights were extended to school teachers in most school systems and long before such rights were extended generally throughout the state to school bus drivers and cafeteria personnel. See Ga. L. 1937, p. 892; Ga. L. 1939, p. 39; Code Ann. §§ 2-7002, 32-2901 et seq., and 32-3801 et seq.

Placing some school teachers in a classification with school bus drivers and cafeteria personnel does not amount to a per se denial of equal protection simply because other teachers throughout the state are classified separately from such non-teaching school system personnel. Nor has Miss Sanders carried her burden of

proof and shown that these classifications are invalid. *McCullers v. Williamson*, 221 Ga. 358 (144 SE2d 911) (1965); Massachusetts Bd. of Retirement v. Murgia, 427 U. S. 307, supra.

Under the authority of recent cases such as Massachusetts Board of Retirement v. Murgia, supra, and McIlvaine v. Pennsylvania State Police, 296 A2d 630 (1972), this court concludes that placing school personnel whose primary work activities are of a physical nature (school bus drivers and cafeteria personnel) into the same classification with other school personnel whose work activities are primarily mental (school teachers) in order to create a local retirement system for school employees provides ample justification under equal protection concepts for the establishment of age 65 as a mandatory retirement age albeit that some teachers who participate in the statewide retirement system that excludes public school bus drivers and cafeteria personnel are not required to retire until age 70 or thereafter. The statutory scheme under challenge is rationally related to the legitimate state interest of providing retirement rights for public employees for the reason that age of retirement is only one of the many factors which must be considered together to determine how a retirement system shall be funded and the level of benefits it will be able to pay. The choices made by the General Assembly in establishing these retirement laws were not arbitrary or unreasonable under proper equal protection analysis.

*Judgment reversed in Case No. 33967; affirmed in Case No. 33970. All the Justices concur, except Bowles, J., who concurs in the judgment only, and Hall, J., who dissents.*

SUBMITTED SEPTEMBER 1, 1978 — DECIDED OCTOBER 3, 1978.

*Sutherland, Asbill & Brennan, James P. Groton, Thomas A. Cox,* for appellants (Case No. 33967).

*Frank & Leavenworth, Stephen L. Frank, John Tye Ferguson,* for appellees (Case No. 33967).

*Frank & Leavenworth, Stephen L. Frank,* for appellants (Case No. 33970).

*Thomas A. Cox, James P. Groton, Charles T. Lester, Jr., John Tye Ferguson,* for appellees (Case No. 33970).

*Smith, Cohen, Ringel, Kohler & Martin, Warren C. Fortson, Bruce H. Beerman, Heard, Leverett & Adams, E. Freeman Leverett,* amici curiae.