S00A1107. OLD SOUTH DUCK TOURS, INC. et al. v. MAYOR & ALDERMEN OF THE CITY OF SAVANNAH.
(535 SE2d 751)

BENHAM, Chief Justice.

Appellants Old South Duck Tours and Amphibious Adventures[1] sought to use amphibious vehicles[2] approved by the appropriate state

---

[1] Old South Duck Tours is a Georgia corporation that operates as a booking agent for and management company of Amphibious Adventures, a Missouri corporation authorized to do business in Georgia as a motor common carrier certificated by the Georgia Public Service Commission.

[2] The vehicles to be used are remanufactured military "land to sea" vehicles of World War II vintage (DUKWs).

and federal agencies to operate an amphibious tour service in the City of Savannah ("the City"). The City has ordinances for the regulation and operation of guided tours within the Landmark Historic District of the City, and city officials maintained that Savannah City Code § 6-1548 prohibited the use of amphibious vehicles as tour service vehicles except on specific roads that are not located within the Historic District.[3] After the City expressed its intent to enforce the ordinance against appellants, appellants filed a declaratory judgment action in which they also sought injunctive relief. In their lawsuit, appellants contended that the local ordinance relied on by the City to prohibit appellants' amphibious vehicles was preempted by authority granted the Georgia Public Service Commission ("PSC"), and that the ordinance violated the Equal Protection Clauses of the U. S. and Georgia Constitutions. The trial court conducted a one-day bench trial after which appellants were permitted to amend their complaint to also allege the unconstitutionality of Section 6-1502 of Savannah's city ordinances.[4]

In its final order and judgment, the trial court rejected appellants' preemption argument and the constitutional attacks on the ordinances, and ruled that the City had jurisdiction to enact the challenged ordinances as "the legitimate exercise by a municipality of its police powers." In light of the amphibious vehicles' innovative qualities, the trial court found that the classification created by the ordinance was not arbitrary. In accordance with its findings, the trial court entered judgment in favor of the City and its officials, and appellants brought this appeal.

1. We address first appellants' contention that the trial court erred when it determined that state law does not preempt the City's ordinances prohibiting the use of amphibious vehicles as tour vehicles in the City's Historic District. Appellants maintain that the PSC's issuance to appellants of a certificate of public convenience and necessity, authorizing appellants to transport passengers in amphibious-type vehicles "between all points within the highway mileage radius of 50 miles of Savannah, Georgia, over no fixed route," preempts the City from prohibiting the amphibious vehicles' use as "tour vehicles" within the Historic District.

The concept of preemption is addressed in Article III, Section VI, Paragraph IV (a) of the Georgia Constitution, the "uniformity"

---

[3] Section 6-1548 specifically excludes "amphibious or boat-type vehicles" from operating as "tour service vehicles" in the City except in restricted areas not within the Historic District.

[4] Section 6-1502 (n) requires "tour service vehicles" to be "standard automobile, limousine, bus, van, or trolley-type vehicles compatible with and not damaging to the infrastructure and ambiance of the Historic District . . . and shall not be amphibious or boat-type vehicles except as provided in Section 6-1548." See footnote 3 regarding Section 6-1548.

clause, which provides:

> Laws of a general nature shall have uniform operation throughout this state and no local or special law shall be enacted in any case for which provision has been made by an existing general law, except that the General Assembly may by general law authorize local governments by local ordinance or resolution to exercise police powers which do not conflict with general laws.

The constitutional provision precludes local or special laws when general laws exist on the same subject, and provides for an exception to the general rule of preemption when a local law is the result of the local government's exercise of its police powers, pursuant to authority granted by general law. *Franklin County v. Fieldale Farms Corp.*, 270 Ga. 272 (2) (507 SE2d 460) (1998).

The General Assembly has authorized Georgia municipalities to enact local laws in order to regulate and control the use of public roads on the municipality's street system (OCGA § 32-4-92 (a) (7)); and to prohibit or regulate the use of heavily traveled streets by any class or kind of traffic found to be incompatible with the normal and safe movement of traffic. OCGA § 40-6-371 (a) (13). In OCGA § 46-7-2, the General Assembly vested in the PSC "the power to regulate the business of any person engaged in the transportation as a common or contract carrier of persons or property . . . for hire by motor vehicle on any public highway of this state." Assuming for the sake of argument that the authority given the PSC to issue certificates of public convenience and necessity is a general law on the same subject as the ordinances at issue, the ordinances fall within the constitutional exception to the doctrine of preemption since the General Assembly enacted general laws authorizing the local government to exercise its police powers and enact the local laws at issue. Accordingly, the trial court did not err when it upheld the ordinances against appellants' preemption attack.

2. Appellants next contend that the trial court erred when it concluded that the ordinances at issue did not violate the Due Process and Equal Protection Clauses of the state and federal constitutions. Before addressing the merits of appellants' contentions, we note that an ordinance under constitutional attack carries with it a presumption of constitutionality (*State v. Brannan*, 267 Ga. 315, 317 (477 SE2d 575) (1996)), and we have a duty to construe the legislation so as to uphold it as constitutional, if that is possible. *Garner v. Harrison*, 260 Ga. 866, 869 (400 SE2d 925) (1991). Only when it is established that the legislative enactment "manifestly infringes upon a constitutional provision or violates the rights of the people" will the

statute be declared unconstitutional. *Cobb County School District v. Barker*, 271 Ga. 35 (1) (518 SE2d 126) (1999).

When a fundamental right is allegedly infringed by government action, substantive due process requires that the infringement be narrowly tailored to serve a compelling state interest. *State of Ga. v. Jackson*, 269 Ga. 308 (1) (496 SE2d 912) (1998). Where, however, it is not a fundamental right that is infringed and the person complaining is not a member of a suspect class, the government action is examined under the rational basis test, the least rigorous level of constitutional scrutiny. *City of Lilburn v. Sanchez*, 268 Ga. 520 (2) (491 SE2d 353) (1997). Since operation of a "tour vehicle" is not a fundamental right and tour business owners are not a suspect class, we apply the rational basis test.

> Under that test, a municipal ordinance is a valid exercise of the police power if it is substantially related to the public health, safety, or general welfare. [Cits.] In this regard, any plausible or arguable reason that supports an ordinance will satisfy substantive due process. [Cit.] So long as an ordinance realistically serves a legitimate public purpose, and it employs means that are reasonably necessary to achieve that purpose without unduly oppressing the individuals regulated, the ordinance must survive a due process challenge. [Cits.] The rational basis standard . . . does not require that an ordinance adopt the *best,* or even *the least intrusive,* means available to achieve its objective. To the contrary, the means adopted by an ordinance need only be reasonable in relation to the goal they seek to achieve. [Cits.] Only if the means adopted, or the resultant classifications are irrelevant to the City's reasonable objective, or [are] altogether arbitrary, does the ordinance offend due process. [Cit.] Otherwise, it is established that *"the courts have no right to interfere with the exercise of legislative discretion."* [Cit.] Furthermore, where "legislative action is within the scope of the police power . . ., fairly debatable questions as to its reasonableness, wisdom and propriety are not for the determination of the courts, but for that of the legislative body on which rests the duty and responsibility of (the) decision." [Cit.]

Id. at 522. Applying the tenets of the rational basis standard to the case at bar, we conclude that the trial court did not err when it ruled that the ordinances did not violate due process. The City's ordinance serves a legitimate public purpose as it regulates the use of heavily-traveled city streets by a certain type of vehicle. Since the ordinances

realistically serve a legitimate public purpose by reasonably necessary means and are not unduly oppressive, they survive appellants' due process challenge.

3. Appellants contend the ordinances violate equal protection because their amphibious-vehicle tour service is not permitted to operate in the Historic District while tour services using land-only vehicles that have the same or similar length, height, width, and weight are allowed to operate. The Georgia and U. S. Constitutions require government to treat similarly situated individuals in a similar manner. *City of Atlanta v. Watson*, 267 Ga. 185 (1) (475 SE2d 896) (1996). Where, as here, neither a fundamental right nor a suspect class is involved, "the legislative classification created by [the ordinances] can withstand constitutional assault ' "when the classification is based on rational distinctions and bears a direct and real relation to the legitimate object or purpose of the legislation." (Cit.)' [Cit.]" *Love v. State*, 271 Ga. 398 (2) (517 SE2d 53) (1999).

> The rational basis test requires that the classification drawn by the legislation be reasonable and not arbitrary, and rest upon some ground of difference having a fair and rational relationship to the legislation's objective, so that all similarly situated persons are treated alike. [Cit.] . . . A classification will be upheld in the face of an equal protection challenge so long as "under any conceivable set of facts, it bears a rational relationship to a legitimate end of government not prohibited by the Constitution." [Cit.] In this regard, the party who challenges legislation on equal protection grounds bears the burden of establishing that "the legislative facts on which the classification is apparently based could not reasonably be conceived to be true by the government decisionmaker." [Cit.]

*City of Atlanta v. Watson*, supra, 267 Ga. 188 (1). It is clear from the ordinances at issue that the preservation of the Historic District, both its infrastructure and its ambiance, is the City's goal. A municipality "may enact and enforce reasonable . . . ordinances under the general public welfare aspect of its police power, specifically aesthetics." *H & H Operations v. City of Peachtree City*, 248 Ga. 500 (1) (283 SE2d 867) (1981). See also *Statesboro Pub. Co. v. City of Sylvania*, 271 Ga. 92 (516 SE2d 296) (1999); *Parking Assn. of Ga. v. City of Atlanta*, 264 Ga. 764 (450 SE2d 200) (1994). While appellants may have presented evidence that their amphibious vehicles would have no more effect on the Historic District's infrastructure than land-based vehicles, they did not establish that the legislative determination that amphibious vehicles had a negative impact on the aesthet-

ics of the Historic District "could not reasonably be conceived to be true. . . ." *City of Atlanta v. Watson*, supra, 267 Ga. 188 (1). Accordingly, the trial court did not err when it concluded that appellants had not carried their burden of proving that the ordinances at issue violated the equal protection guarantees of the state and federal constitution.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 10, 2000.

*Mitchell & Associates, Bruce E. Mitchell, Alison K. Arce, Edwin W. King, Jr.,* for appellants.

*James B. Blackburn, Peter A. Giusti, Abda L. Quillian,* for appellee.