S03A1050. STATE OF GEORGIA v. HERETIC, INC. et al.
S03A1051. CITY OF ATLANTA v. HERETIC, INC. et al.
(588 SE2d 224)

FLETCHER, Chief Justice.

This case involves a challenge to the constitutionality of Georgia's statutes providing certain exceptions to the general ban on Sunday alcohol sales. The State of Georgia and the City of Atlanta appeal the trial court's ruling that these statutes violate equal protection. Because these statutes do not violate the equal protection guarantees of the United States or Georgia Constitutions, we reverse.

The Heretic, Inc. operates a bar in Atlanta that is not permitted to sell alcohol on Sundays. The challenged statutory scheme is as follows: OCGA § 3-3-20 (a) provides a general ban on Sunday alcohol sales by the drink. OCGA § 3-3-7 gives local governments the option of excepting certain businesses and venues from this ban, including public stadiums, coliseums, large auditoriums, and "eating establishments." Pursuant to OCGA § 3-3-7 (c) (2), the City of Atlanta authorizes the Sunday sale of alcohol at an "eating establishment," which is defined as an establishment that derives at least 50% of its gross annual food and beverage sales from the sale of prepared meals of food. Heretic concedes that it does not meet the statutory definition of an eating establishment. Following a non-evidentiary hearing, the trial court granted Heretic's motion for judgment on the pleadings and issued an injunction barring enforcement of the challenged statutes against Heretic.

1. Heretic argues that the statutory scheme denies it the equal protection of the laws because bars may not sell alcohol on Sundays but businesses defined as "eating establishments" may even if they do not serve food on Sundays. Because bar owners are not members of a suspect class, and because the right to sell alcoholic beverages is not a fundamental right, the challenged statutes are properly analyzed under the rational basis test.[1] Under this test, the statutes will

---

[1] See *Consolidated Gov't of Columbus v. Barwick*, 274 Ga. 176, 178 (549 SE2d 73) (2001).

be upheld if any state of facts can reasonably be conceived to support the legislature's exception of the listed businesses, but not bars, from the general ban.[2] Heretic, as the party challenging the classification, has the responsibility of convincing the court that the classification has no rational basis.[3]

Applying the rational basis test, courts routinely uphold Sunday statutes against equal protection challenges. In 1961, the United States Supreme Court upheld Maryland's statute prohibiting Sunday sales of merchandise but excepting certain items.[4] This Court has found a rational basis for Sunday statutes in cases including *Wilder v. State*[5] and *Berta v. State*.[6] In *Wilder*, we upheld a statute allowing athletic events, games, and contests to be held on Sundays but barring the Sunday operation of billiard tables. Similarly, in *Berta*, we held that a statute banning Sunday work but providing certain exceptions did not violate equal protection. This Court also recently found that a statute treating some bars differently than others had a rational basis, although this case did not involve a Sunday statute.[7] Furthermore, Sunday statutes specific to the sale of alcohol have been upheld in other states.[8]

In the present case, there was also a rational basis for the legislature's classification. The legislature could have reasonably concluded that restaurants should be excluded from the general ban on Sunday alcohol sales because doing so would attract families and others to go out for meals on Sunday, thereby contributing to the legislative goal of enhancing the recreational atmosphere of that day.[9] The legislature was also entitled to conclude that the health and safety risks posed by bars are more significant than those posed by restaurants. And although conceivably some restaurants could operate as bars on Sunday, as Heretic argues, the legislature's decision to

---

[2] See *Smith v. Cobb County-Kennestone Hosp. Authority*, 262 Ga. 566, 570 (423 SE2d 235) (1992); *Fulton County School Dist. v. Sanders*, 242 Ga. 298, 300-301 (248 SE2d 670) (1978).

[3] See *Craven v. Lowndes County Hosp. Authority*, 263 Ga. 657, 659 (437 SE2d 308) (1993).

[4] *McGowan v. Maryland*, 366 U. S. 420 (81 SC 1101, 6 LE2d 393) (1961).

[5] 232 Ga. 404, 407 (207 SE2d 38) (1979).

[6] 223 Ga. 267 (154 SE2d 594) (1967).

[7] *Consolidated Gov't of Columbus*, 274 Ga. at 179 (holding that a statute requiring a distance of 600 feet between bars in one area of a city but not in another area was constitutional).

[8] See *Pruey v. Department of Alcoholic Beverage Control*, 715 P.2d 458 (N.M. 1986); *Historic Warehouse, Inc. v. Alabama Alcoholic Beverage Control Bd.*, 423 So.2d 211 (Ala. 1982). But see *Mayhue v. City of Plantation*, 375 F.2d 447 (5th Cir. Fla. 1967).

[9] See *McGowan*, 366 U. S. at 426 (Maryland statute's exception of certain items from its general ban on Sunday sales was reasonably related to the state's legitimate goal of furthering the "health of the populace or for the enhancement of the recreational atmosphere of the day").

calculate food sales on an annual basis is not unreasonable. This Court does not seek to determine the wisdom of the legislature's actions, only whether they are reasonable. As we stated in *Wilder*, we need not "necessarily agree with the soundness of the distinction maintained by the statutory scheme."[10]

*Hughes v. Reynolds*, on which Heretic relies, struck down a law that effectively prohibited pure furniture stores from operating on Sunday but allowed stores that sold some furniture but mostly other items to remain open.[11] The present case is distinguishable because the state lacks the interest in regulating the sale of furniture that it has in regulating the sale of alcohol, which poses significant risks to the health and safety of the general public.[12]

2. Because we find no constitutional violation, the trial court's grant of injunctive relief is also reversed, and we need not address the State and City's remaining arguments.

*Judgment reversed. All the Justices concur, except Hunstein, J., who concurs in judgment only.*

DECIDED OCTOBER 6, 2003 —
RECONSIDERATION DENIED NOVEMBER 7, 2003.

*Thurbert E. Baker, Attorney General, John B. Ballard, Jr., Senior Assistant Attorney General, William W. Banks, Jr., Assistant Attorney General*, for State of Georgia.
*Linda K. DiSantis, Jeffrey B. Norman, Serena L. Sparks*, for City of Atlanta.
*Zell & Zell, Glenn Zell, Michael Clutter*, for Heretic, Inc.

---

[10] 232 Ga. at 405. See also *McGowan*, 366 U. S. at 425 ("[T]he Fourteenth Amendment permits the states a wide [range] of discretion in enacting laws [that] affect some groups of citizens differently than others.").
[11] 223 Ga. 727 (157 SE2d 746) (1967).
[12] See *Davis v. City of Peachtree City*, 251 Ga. 219, 220 (304 SE2d 701) (1983) ("It is clear that the use and sale of intoxicating beverages is an area that the state has a legitimate interest in controlling.").
[1] The crimes occurred on January 22, 2000, and Rickman was indicted on March 15, 2000, for the malice murder and felony murder of Fetzer and for the simple assault of Dills.