S04A2106. PAWNMART, INC. v. GWINNETT COUNTY et al.

(608 SE2d 639)

FLETCHER, Chief Justice.

Pawnmart, Inc. contends that a Gwinnett County ordinance imposing certain requirements on pawnbrokers is preempted by state law. The trial court disagreed. Because there is no preemption, we affirm the trial court.

Pawnmart filed suit against the County claiming that County Ordinance No. 82-11 regulating pawnbrokers is preempted by state law. The Ordinance requires pawnbrokers to maintain certain records and obtain certain information from persons pawning property, including fingerprints, digital photographs, and sales receipts for new merchandise. The parties stipulated the facts for purposes of filing cross motions for summary judgment. After oral argument, the trial court found that there was no preemption.[1] Accordingly, the trial court denied Pawnmart's motion for summary judgment and granted the County's, from which Pawnmart appeals.

1. The Georgia Constitution provides the following on preemption:

> Laws of a general nature shall have uniform operation throughout the state and no local or special law shall be enacted in any case for which provision has been made by an existing general law, except that the General Assembly may by general law authorize local governments by local ordinance or resolution to exercise police powers which do not conflict with general laws.[2]

The first part provides the rule that general laws preempt local or special laws on the same subject; the second part excepts from this rule local laws permitted by, and not conflicting with, the general law. In the present case, OCGA §§ 44-12-130 through 44-12-138 are

---

[1] Pawnmart also challenged a provision of the Ordinance granting the County's police chief discretion to impose additional requirements on pawnbrokers. The County amended the Ordinance to remove this provision, and thus the trial court properly found this challenge to be moot.

[2] Ga. Const. of 1983, art. III, sec. VI, par. IV (a). For a history of this provision, see *Franklin County v. Fieldale Farms Corp.*, 270 Ga. 272, 273-275 (507 SE2d 460) (1998).

general laws regulating Georgia pawnbrokers. Therefore, the Ordinance, because it also regulates Georgia's pawnbrokers, is preempted unless it is (1) authorized by general laws, and (2) does not conflict with them.

2. First we ask whether general law authorizes counties to regulate pawnbrokers. General law gives counties the police power necessary to protect the public health, safety, and general welfare.[3] The Ordinance's stated purpose is to impede the sale of stolen property, and its requirements are designed to achieve that end. Therefore, the Ordinance is a proper use of the County's police power.[4]

In addition, OCGA § 44-12-135 provides that "[n]othing in this part shall supersede existing local laws nor relieve a pawnbroker from the necessity of complying with them. The requirements of local laws shall be construed as cumulative to this part." Thus, by expressly preserving local laws (which include county ordinances), the legislature has in effect "authorized" them.

Pawnmart argues that OCGA § 44-12-136, by granting "municipal authorities" the right to regulate pawnbrokers, has by implication preempted the right of counties to do so. But as stated above, the legislature clearly indicated its intent *not* to preempt "local laws." Even pretermitting that there is some conflict between OCGA §§ 44-12-135 and 44-12-136, we note that the former was adopted in 1977, while the latter dates back to 1868 and was most recently amended in 1933. It is well-settled in Georgia that "the rule for construing statutes which may be in conflict is that the most recent legislative expression prevails."[5] Thus, OCGA § 44-12-135 prevails.

3. Having determined that OCGA §§ 44-12-130 through 44-12-138 authorize counties to regulate pawnbrokers, we next ask whether the Ordinance conflicts with these statutes. Pawnmart contends that there is a conflict with OCGA § 44-12-138 (e), which provides that:

> Notwithstanding anything to the contrary contained elsewhere in this Code section, no municipality or local government may impose any requirements upon a pawnbroker regarding the disclosures which must be made to a pledgor or seller or which must be made in the pawn ticket, other than those requirements contained in this Code section.

---

[3] *Bd. of Commrs. &c. v. Guthrie*, 273 Ga. 1, 3 (537 SE2d 329) (2000).

[4] See *I.D.K., Inc. v. Ferdinand*, 277 Ga. 548, 550-551 (592 SE2d 673) (2004) (county ordinance designed to prevent crime associated with adult entertainment establishments was a proper use of county's police power).

[5] *Jenkins v. State*, 265 Ga. 539, 540 (458 SE2d 477) (1995).

But this provision applies only to disclosures *made by* a pawnbroker to pledgors or sellers or on a pawn ticket — it does not apply to information that can be *obtained from* those persons. Pawnmart likewise misreads OCGA § 44-12-138 (c). It argues that the Ordinance conflicts with this provision by requiring pawnbrokers to obtain more information from pledgors or sellers than is required on the pawn ticket. But information on a pawn ticket is there for consumer protection,[6] whereas information regarding a pledgor's or seller's identity can be useful to protect the public welfare by impeding the sale of stolen property. Therefore, the Ordinance does not conflict with OCGA § 44-12-138.

In addition, parts of the Ordinance merely strengthen OCGA § 44-12-132's requirements as to the records that pawnbrokers must keep. We have held that there is "no conflict when the local law did not impair the general law's operation but rather augmented and strengthened it."[7]

4. Pawnmart also claims that the Ordinance's provision requiring sales receipts for new merchandise violates the equal protection guarantees of the United States and Georgia Constitutions because new merchandise can be returned to some department stores without a receipt. Because the right to operate a pawnshop is not a fundamental right and pawnbrokers are not a suspect class, we apply the rational basis test.[8] Under this test, the Ordinance will be upheld if any state of facts can be conceived to support the County's decision to require receipts at pawnshops but not at department stores.[9] It is axiomatic that stolen property passes through pawnshops with higher frequency than it is returned to department stores, and thus the County had a rational basis for requiring receipts at pawnshops.

5. Finally, Pawnmart claims that the Ordinance infringes on its right to contract and hurts its business, thereby depriving it of liberty without due process of law. But it is well established that freedom of contract is not absolute.[10] Also, government regulation "that realistically serves a legitimate public purpose, and . . . employs means that are reasonably necessary to achieve that purpose without unduly oppressing the individuals regulated" does not violate due process.[11]

---

[6] See, e.g., *Georgia Legislative Review, Pawnbrokers: Provide Comprehensive Legislation Regulating Loans on Motor Vehicle Titles*, 9 Ga. St. U. L. Rev. 323, 327 (1992) (the "purpose behind [OCGA § 44-12-138 (b)] is to make borrowers more aware of the type of transaction which they are entering into . . .").

[7] *Franklin County*, 270 Ga. at 275.

[8] See *State of Ga. v. Heretic, Inc.*, 277 Ga. 275, 275 (588 SE2d 224) (2003).

[9] Id. at 275-276.

[10] See, e.g., *Southern R. Co. v. Baker*, 158 Ga. 830, 839 (124 SE 876) (1924).

[11] *Old South Duck Tours v. Mayor and Aldermen of Savannah*, 272 Ga. 869, 872-873 (535 SE2d 751) (2000).

The Ordinance serves the public purpose of impeding the sale of stolen property; its requirements are reasonably necessary to achieve that end and do not unduly oppress pawnbrokers. Therefore, it does not violate Pawnmart's due process rights.

For the foregoing reasons, the decision of the trial court is affirmed.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 7, 2005.

*Fred J. Stokes*, for appellant.

*Kristina H. Blum, Karen G. Thomas, Michael V. Stephens II*, for appellees.