S10A1113. GASSES et al. v. CITY OF RIVERDALE et al.
(701 SE2d 157)

BENHAM, Justice.

This appeal concerns a dispute over a municipal ordinance promulgated by the appellee City of Riverdale ("the City"). Section 38 of the City's charter provides that it "shall have full control and full power and authority to regulate . . . and control the streets, sidewalks, lanes, alleys, squares and lands of the City of Riverdale as provided by the laws of the State of Georgia." Based on this charter provision, the City adopted local ordinance 17-2007, Art. II, Sec. 42-33 which provides in pertinent part that "[i]t is unlawful for either the occupant or the owner of property . . . to have . . . [on or near] . . . [a] sidewalk or right-of-way . . . any overgrown grass or

weeds of a height of six inches or more or any unkempt vegetation[.]" On May 14, 2009, the City cited appellant Linda Gasses for violating this local ordinance when she failed to cut the high grass on the portion of her property adjacent to a public right-of-way. Just prior to the trial of the ordinance violation in municipal court, the Gasses filed a declaratory judgment action and action for preliminary/permanent injunction in the Superior Court of Clayton County, alleging that the ordinance was unconstitutional. The City filed a motion to dismiss the action seeking declaratory and injunctive relief. Meanwhile, the municipal court convicted appellant of violating the ordinance and fined her $150. Appellant sought to appeal the conviction by filing a writ of certiorari to the superior court.[1] However, because of her failure to act and continued noncompliance, appellant received additional citations and fines. On December 10, 2009, in the action for declaratory judgment and injunctive relief, the trial court granted the City's motion to dismiss, holding that the Gasses had an adequate remedy at law through the filing of a writ of certiorari. The trial court also considered the validity of the ordinance, finding on the merits that it was constitutional, did not exceed the City's police power, and did not constitute involuntary servitude. For the reasons set forth below, we affirm.

1. Appellant contends it was error to dismiss her action for declaratory judgment and injunctive relief based on the trial court's conclusion that she had an adequate remedy at law. Although the trial court dismissed the action, citing in part the failure to pursue a writ of certiorari, we need not address this allegation because the trial court considered and resolved the issues raised in the declaratory judgment/injunctive action on the merits. Accordingly, there is no basis to reverse the trial court on this point.

2. Appellant alleges the ordinance is unconstitutional because it violates due process and equal protection by forcing elderly homeowners to perform the duties of the City's public works employees and by treating owners differently from non-owners who occupy the property. We disagree.

> [A]n ordinance under constitutional attack carries with it a presumption of constitutionality [cit.], and we have a duty to construe the legislation so as to uphold it as constitutional, if that is possible. [Cit.] Only when it is established that the legislative enactment "manifestly infringes upon a

---

[1] On December 18, 2009, the Superior Court of Clayton County dismissed appellant's writ of certiorari for failure to comply with the service requirements of OCGA § 5-4-6 (b). The Court of Appeals denied her application for discretionary review, and this Court denied appellant's subsequent petition for certiorari (S10C0966).

constitutional provision or violates the rights of the people"
will the statute be declared unconstitutional. [Cit.]

*Old South Duck Tours v. Mayor &c. of Savannah*, 272 Ga. 869 (2)
(535 SE2d 751) (2000). Where, as here, there is neither a suspect
classification nor a fundamental right at stake, a rational relation-
ship test is applied to determine whether the statute violates
substantive due process or equal protection. Id. at 872; *State of Ga.
v. Old South Amusements, Inc.*, 275 Ga. 274 (2) (564 SE2d 710)
(2002); *Love v. State*, 271 Ga. 398 (2) (517 SE2d 53) (1999). That is,
the statute must bear a direct relationship to a legitimate legislative
purpose to pass constitutional muster. *Love v. State*, supra, 271 Ga.
at 400. See also *City of Atlanta v. Watson*, 267 Ga. 185 (1) (475 SE2d
896) (1996).

The purpose of the ordinance at issue is to abate nuisances and
to promote the general health and welfare of the community. Such
purpose is lawful. See *City of Lilburn v. Sanchez*, 268 Ga. 520 (2) (491
SE2d 353) (1997) (ordinance regulating the ownership of a pet
Vietnamese pot bellied pig had a legitimate public purpose insofar as
it abated smells and wastes in a residential setting). The penalties
which the ordinance levies against owners and their properties
further the public purpose in at least two direct ways — first, the
prospect of fines and liens motivates owners to maintain their grass,
weeds, and vegetation in compliance with the ordinance; and second,
the resulting fines and liens give the City a means to pay for
maintenance of the properties whose owners fail to comply. The
ordinance does not target the elderly. The ordinance's varied treat-
ment of owners and occupiers by only citing owners with fines and
placing liens on the owners' properties is not illegal since a lien
cannot run with an occupant, but only attach to the owner's
property. *Love v. State*, supra, 271 Ga. at 403 ("a legislative classifi-
cation does not deny equal protection if the classification bears a
direct relation to the purpose of the legislation"); *City of Atlanta v.
Watson*, 267 Ga. at 190 (a legislative classification scheme need not
be perfect to pass constitutional muster and the city's different
treatment of types of residences did not violate equal protection).
The trial court did not err in finding that the ordinance was
constitutionally sound.

3. Appellant contends the ordinance exceeds the City's police
power. This argument is without merit. "[A] municipal ordinance is
a valid exercise of the police power if it is substantially related to the
public health, safety, or general welfare." *City of Lilburn v. Sanchez*,
supra, 268 Ga. at 522. The enforcement of an ordinance which has as
its purpose the abatement of public nuisances such as overgrown
grass and vegetation is a valid exercise of a municipality's police

power. See *City of Montgomery v. Norman*, 816 So2d 72, 79 (Ala. Crim. App. 1999). A municipality may also exercise its police power for the purpose of esthetics. *Members of City Council of City of Los Angeles v. Taxpayers for Vincent*, 466 U. S. 789, 805 (104 SC 2118, 80 LE2d 772) (1984); *Old South Duck Tours v. Mayor &c. of Savannah*, supra, 272 Ga. 869 (3). Here, the purpose of the ordinance is to maintain the public's health, safety, and welfare by prohibiting overgrown grass, weeds, and vegetation which can be unsightly and harbor rodents and other pests. This is a valid use of the City's police power. The judgment of the trial court is therefore sustained on this ground.

4. Appellant contends the instant statute is akin to involuntary servitude outlawed by the federal and state constitutions. We disagree. In response to this country's past institutional enslavement of people of African descent, the Thirteenth Amendment of the United States Constitution and Article I, Section I, Par. XXII of the Georgia Constitution outlaw involuntary servitude. The United States Supreme Court has held that "the prohibition against involuntary servitude does not prevent the State or Federal Governments from compelling their citizens, by threat of criminal sanction, to perform certain civic duties." *United States v. Kozminski*, 487 U. S. 931, 944 (108 SC 2751, 101 LE2d 788) (1988). Key examples of such civic duties are jury service, military service, and roadwork. Id. A municipal ordinance requiring a citizen to maintain grass, weeds, and vegetation for the welfare of the community is not constitutionally prohibited involuntary servitude. See *Rowe v. City of Elyria*, 38 Fed. Appx. 277, 283 (6th Cir. 2002). Accordingly, the trial court did not err when it upheld the validity of the City's ordinance.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 4, 2010 —
RECONSIDERATION DENIED NOVEMBER 1, 2010.

*Michael B. King*, for appellants.
*Johnson & Freeman, Ronald J. Freeman, Insley & Race, Deana Simon-Johnson, Joseph R. Buller III*, for appellees.